# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NATASHA L. PREECE, | : | |
| 54 North Spring Road | | |
| Westerville, Ohio 43081 | : | |
| | | |
|       Plaintiff, | : | CASE NO. 2:25-cv-50 |
| | | |
| v. | : | |
| | | |
| CITY OF WESTERVILLE, | : | |
| c/o City of Westerville Law Director | | |
| 33 East Schrock Road, Suite 1 | : | |
| Westerville, Ohio 43081 | | **42 U.S.C. § 1983 Civil Complaint** |
| | : | |
|     and | | **Jury Demand Endorsed Herein** |
| | : | |
| CHIEF CHARLES CHANDLER, | | |
| 229 Huber Village Boulevard | : | |
| Westerville, Ohio 43081 | | |
| | : | |
|     and | | |
| | : | |
| OFC. CHRIS DAVIS, | | |
| 229 Huber Village Boulevard | : | |
| Westerville, Ohio 43081 | | |
| | : | |
|     and | | |
| | : | |
| OFC. JENNIFER AHLBORN, | | |
| 229 Huber Village Boulevard | : | |
| Westerville, Ohio 43081 | | |
| | : | |
|     and | | |
| | : | |
| OFC. C. JACKSON, | | |
| 229 Huber Village Boulevard | : | |
| Westerville, Ohio 43081 | | |
| | : | |
|     and | | |
| | : | |
| OFC. DOUGLAS STAYSNIAK, | | |
| 229 Huber Village Boulevard | : | |
| Westerville, Ohio 43081 | | |

|  |  |
|---|---|
| and | : |
| CITY OF SENECA, | : |
| 221 East North 1st Street | |
| Seneca, South Carolina 29678 | : |
| and | : |
| MAJOR JEREMY ROTHELL, | : |
| 205 North Depot Road | |
| Seneca, South Carolina 29678 | : |
| and | : |
| JENNIFER HELLER, | : |
| 205 North Depot Road | |
| Seneca, South Carolina 29678 | : |
| and | : |
| OFC. JOHN DOES 1-5, | : |
| Address Unknown | |
| | : |
| and | |
| | : |
| DALE COLEGROVE, | |
| 1602 Cross Creek Drive | : |
| Seneca, South Carolina 49678 | |
| | : |
| and | |
| | : |
| TANYA COLEGROVE, | |
| 1602 Cross Creek Drive | : |
| Seneca, South Carolina 49678 | |
| | : |
| Defendants. | |

## **AMENDED COMPLAINT**

Plaintiff Natasha L. Preece, by and through undersigned counsel, and for her Amended Complaint against the City of Westerville, Chief Charles Chandler, Officer Chris Davis, Officer Jennifer Ahlborn, Officer C. Jackson, Officer Douglas Staysniak, the City of Seneca, Major Jeremy Rothell, Jennifer Heller, and Officers John Doe 1-5 (collectively "Defendant Officials"),

2

as well as Defendants Dale Colegrove and Tanya Colegrove (collectively "private Defendants") states as follows:

## NATURE OF ACTION AND JURISDICTION

1. This is a civil action brought under 42 U.S.C. § 1983 seeking damages against Defendants for committing acts, under color of state law, with the intent and purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. This case arises under the United States Constitution as well as 42 U.S.C. §§ 1983 and 1988. The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343.

3. This case also involves claims arising under State law that are so related to Plaintiff's § 1983 claim that they form part of the same case or controversy under Article III of the United States Constitution. The Court has supplemental jurisdiction over those matters pursuant to 28 U.S.C. § 1367.

4. This suit challenges certain actions undertaken by Defendants which caused Plaintiff to be deprived of her constitutional rights.

5. This suit also involves claims against private citizens who aided and abetted, or otherwise conspired, in the aforementioned unlawful acts and deprivations.

6. This Court is an appropriate venue for this cause of action under 28 U.S.C. § 1391(b)(1) and (b)(2). The actions complained of took place within this judicial district; moreover, most of the evidence, employment records, and police reports relevant to the accusations are maintained in this judicial district.

## PARTIES

7. Plaintiff Natasha L. Preece is an individual residing in Franklin County, Ohio.

8. Defendant City of Westerville ("Westerville") is a municipal corporation located in Franklin County, Ohio.

9. Defendant Charles Chandler ("Chandler") is the Chief of the Westerville Division of Police and thus employed by the City of Westerville. He is named in both his official and individual capacities.

10. Defendant Chris Davis ("Davis") is a police officer employed by the City of Westerville and is named in both his official and individual capacities.

11. Defendant Jennifer Ahlborn ("Ahlhorn") is a police officer employed by the City of Westerville and is named in both her official and individual capacities.

12. Defendant "C." [1] Jackson ("Jackson"), is a police officer employed by the City of Westerville and is named in both his official and individual capacities.

13. Defendant Douglas Staysiak ("Staysiak") is a police officer employed by the City of Westerville and is named in both his official and individual capacities.

14. Defendant City of Seneca ("Seneca") is a municipal corporation located in Oconee County, South Carolina.

15. Defendant Jeremy Rothell ("Rothell") is a Major for the Seneca Division of Police and thus employed by the City of Seneca. He is named in both his official and individual capacities.

---

[1] Officer Jackson's first name is currently unknown.

16. Defendant Jennifer Heller ("Heller") is a dispatcher for the Seneca Division of Police and thus employed by the City of Seneca. She is named in both her official and individual capacities.

17. Defendant Officers John Doe 1-5 are additional officers employed by Westerville or Seneca whose identities are currently unknown but who participated, aided and abetted, or otherwise engaged in a conspiracy which deprived Plaintiff of her constitutional rights. They are named in their official and individual capacities.

18. Defendant Dale Colegrove is an individual residing in Oconee County, South Carolina.

19. Defendant Tanya Colegrove is an individual residing in Oconee County, South Carolina.

20. At all times relevant to this Complaint, the Defendant Officials acted under color of state law.

21. All relevant conduct set forth in this Complaint took place within Franklin County, Ohio, and Oconee County, South Carolina.

## FACTS

22. When Plaintiff was approximately five or six years old, she was sexually molested on several different occasions by her uncle, Dale Colegrove, in Lenore, West Virginia.

23. As a result of this abuse, Plaintiff has generally avoided having contact with Mr. Colegrove.

24. Starting in 2021, Dale and Tanya Colegrove began to display a disturbing amount of attention in Plaintiff's teenage sons. This interest manifested in invitations for the boys to travel with them on trips, including vacations to Gatlinburg and outings to see college football games. Additionally, they lavished the boys with numerous gifts in the form of clothes, sunglasses, electronic devices, sheets and comforters, new iPhones, and cash.

5

25. At all times relevant, Plaintiff was extremely uncomfortable with these circumstances and attempted to limit her children's contact with Dale and Tanya Colegrove.

26. By 2023, Dale and Tanya Colegrove began to push for one of Plaintiff's sons, J.P., to move to South Carolina to live with them for his senior year of high school. They also attempted to obtain a South Carolina driver's license for him the same year.

27. On October 28, 2023, J.P. left Plaintiff's residence, withdrew from his local high school, and went to live with Dale and Tanya Colegrove in South Carolina.

28. On October 29, 2023, Dale Colegrove called one of Plaintiff's other sons, P.P., and tried to convince him to manufacture false claims about his mother.

29. Following that event, Plaintiff contacted law enforcement in West Virginia to report the sexual assaults which had occurred during her childhood. She further reported the circumstances surrounding J.P.'s departure to the Westerville Police Department.

30. Though Westerville officers were originally receptive to Plaintiff's concerns, they quickly abandoned the investigation. This shift in attitude seemingly occurred immediately after being contacted by Major Jeremy Rothell of the Seneca Police Department.

31. Upon information and belief, Dale Colegrove, Tanya Colegrove, and Jeremy Rothell are familiar and friendly with each other, and have actively conspired to not only intimidate and silence Plaintiff about her childhood abuse, but also to prevent her from ensuring J.P.'s safety.

32. When Plaintiff contacted the Seneca Police Department to request a wellness check on J.P., Rothell advised her that the request would be documented as harassment.

33. On November 28, 2023, Plaintiff learned that J.P. was in Pigeon Forge, Tennessee. Upon learning this information, she contacted local law enforcement to conduct a wellness check there.

34. On or about January 3, 2024, and upon a sworn affidavit prepared by Defendant Rothell, South Carolina Arrest Warrant 2023A3710100272 (hereinafter "the South Carolina warrant") was issued. Within that document, Rothell alleged that Plaintiff had committed the offense of Harassment in the Second Degree in violation of South Carolina Code ("S.C. Code") 16-3-1700(B), which is a misdemeanor punishable by a fine of not more than two-hundred dollars and imprisonment of not more than thirty days. S.C. Code 16-3-1710(A).

35. Under South Carolina law, "'harassment in the second degree' means a pattern of intentional, substantial, and unreasonable intrusion into the private life of a targeted person that serves no legitimate purpose and causes the person and would cause a reasonable person in his position to suffer mental or emotional distress. Harassment in the second degree may include, but is not limited to, verbal, written, or electronic contact that is initiated, maintained, or repeated." S.C. Code 16-3-1700(B).

36. Upon information and belief, the allegations set forth in Rothell's affidavit fail, as a matter of law, to sufficiently assert the offense of Harassment in the Second Degree as contemplated under South Carolina's statutory framework.

37. Upon information and belief, Rothell knew at the time the affidavit was prepared that the allegations contained therein were not only insufficient, but patently false. Moreover, he intentionally submitted these false claims with the express purpose of harming, intimidating, and silencing Plaintiff.

38. On or about January 4, 2024, Defendant Rothell, or John Doe 1 acting under Rothell's direction, initiated contact with the Westerville Division of Police.

39. Upon information and belief, Defendant Rothell and/or John Doe 1 advised the Westerville Division of Police as to the existence of the South Carolina warrant and requested that they effectuate the same in Ohio. According to Westerville records, Defendant Rothell and/or John Doe 1 further indicated that the Seneca Police Department intended to seek "full extradition."

40. At that time, Rothell and/or John Doe 1 were aware that, even had it been issued in good faith, the warrant only authorized Plaintiff's arrest by South Carolina law enforcement officials acting within their legal authority. As such, Rothell and John Doe 1 were aware that they were soliciting Westerville officers to act in an unlawful and unconstitutional manner.

41. At that time, Westerville, Seneca, and Chief Chandler had policies and/or customs of providing such woefully insufficient training to their respective officers that they lacked a fundamental understanding as to the circumstances under which arrests on out-of-state warrants may be effectuated under federal and state law.

42. Solely at the request of Rothell and/or John Doe 1, and in the absence of any legal authority, Westerville officers attempted to contact Plaintiff about the warrant and began surveillance of her residence.

43. Despite having seventeen days to review the South Carolina warrant and to discover their lack of legal authority to effectuate the same, the Westerville officers engaged in no effort to do so. Instead, with heedless indifference to the legality or constitutionality of their

8

conduct, Westerville officers, including Davis, Ahlhorn, Jackson, and Staysiak, as well as John Does 2 and 3, effectuated Plaintiff's arrest on January 21, 2024.

44. At the time of Plaintiff's arrest, none of the Westerville officers possessed a lawful warrant, nor were they authorized to conduct a warrantless arrest or seizure of her person.

45. The conduct of Rothell, Davis, Ahlhorn, Jackson, Staysiak, and John Does 1-3 was a direct result of the abject failure of Westerville, Seneca, and/or Chandler to adequately train and supervise their officers, or to impose meaningful discipline for constitutional violations.

46. Following her unlawful arrest, Plaintiff was transported to the Franklin County Correction Center II, colloquially known as "Jackson Pike."

47. Thereafter, the Seneca Police Department faxed a communication to Jackson Pike in which Heller indicated "we will extradite." At that time, Seneca, Rothell, and Heller were each individually and collectively aware that they lacked any authority to extradite Plaintiff from Ohio and that their efforts constituted an unlawful kidnapping.

48. Based upon Defendants' conduct, Plaintiff was unlawfully and unconstitutionally detained in Jackson Pike for a period of three days.

49. On or about January 23, 2024, the Honorable Bill Sperlazza of the Franklin County Court of Common Pleas released Plaintiff on a $10,000 recognizance bond, further ordering that she either turn herself in or personally report to South Carolina no later than February 6, 2024.

50. On or about February 13, 2024, following an evidentiary hearing, the Honorable Andrew Miller of the Franklin County Court of Common Pleas found that Plaintiff had not fled from justice in South Carolina and thus set aside a capias which had issued on February 8, 2024. Thereafter, the case was terminated.

51. Over the past year, Westerville law enforcement officers, including John Does 4 and 5, have regularly parked in the vicinity of Plaintiff's residence. This conduct is unrelated to any genuine law enforcement activity and is instead a calculated effort to intimidate Plaintiff into remaining silent about her unlawful arrest.

52. Over the past year, Rothell has made comments that he is tracking Plaintiff's location. He has further underscored those claims by referencing her travel to Kentucky. Rothell's comments and conduct are unrelated to any genuine law enforcement activity and are instead a calculated attempt to intimidate Plaintiff into remaining silent about her past abuse, the unlawful arrest, and to prevent her from having further contact with J.P.

53. Upon information and belief, Westerville, Seneca, and/or Chandler have overlooked, ignored, and/or ratified the conduct of their respective officers as it relates to Plaintiff's arrest, as well as their subsequent efforts at intimidation and harassment.

## COUNT ONE – VIOLATION OF CIVIL RIGHTS UNDER FIRST AND FOURTEENTH AMENDMENTS
## 42 U.S.C. §1983

54. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 53 of this Complaint.

55. The First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, guarantees Plaintiff the right to freedom of speech and to petition the government for a redress of grievances.

56. Defendants Seneca, Rothell, and Heller knew or should have known that Plaintiff's request for a wellness check was protected speech under the First Amendment.

57. All Defendant Officials knew or should have known that Plaintiff's right to seek redress for an unlawful arrest is protected speech under the First Amendment.

58. Defendants have individually and collectively engaged in conduct which is expressly intended to intimidate and silence Plaintiff, to stifle any investigation into Dale and Tanya Colegrove or J.P.'s safety, and to prevent the filing of the instant lawsuit.

59. This conduct has been directly caused and ratified by Westerville, Seneca, and/or Chandler.

60. As a direct and proximate result of Defendants' acts, Plaintiff has been deprived of her freedom of speech and to petition the government for a redress of her grievances. Furthermore, she no longer feels safe within her own home and has suffered serious emotional and mental distress associated with the outrageous misconduct of Westerville and Seneca law enforcement officials.

### COUNT TWO – VIOLATION OF CIVIL RIGHTS UNDER FOURTH AND FOURTEENTH AMENDMENTS (UNREASONABLE SEIZURE AND EXCESSIVE FORCE) 42 U.S.C. §1983

61. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 60 of this Complaint.

62. The Fourth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, guarantees Plaintiff the right to be free from unreasonable seizures of her person.

63. Moreover, the Fourteenth Amendment to the United States Constitution guarantees Plaintiff the right to be free from any use of force that "shocks the conscience."

64. Defendants either conspired in, solicited, and/or carried out Plaintiff's unlawful arrest.

65. Defendants knew or should have known that the South Carolina warrant did not authorize Plaintiff's arrest, and that there was no probable cause for that arrest based upon the allegations set forth within the affidavit.

66. Moreover, Defendant Rothell knew or should have known that Plaintiff's alleged conduct constituted protected speech under the First Amendment.

67. Defendants have acted in bad faith to deprive Plaintiff of her constitutional rights and to cause her harm.

68. This conduct has been directly caused and ratified by Westerville, Seneca, and/or Chandler.

69. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff was unlawfully deprived of her liberty, no longer feels safe within her own home, and has suffered serious emotional and mental distress.

## COUNT THREE – VIOLATION OF CIVIL RIGHTS UNDER FOURTH AND FOURTEENTH AMENDMENTS (FALSE ARREST)
## 42 U.S.C. §1983

70. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 69 of this Complaint.

71. Defendants had no lawful authority or probable cause to arrest or otherwise confine Plaintiff.

72. Regardless, Defendants restrained, arrested, and/or confined Plaintiff, or solicited, encouraged, conspired with, and/or aided and abetted another to engage in such conduct.

73. Defendants engaged in this conduct maliciously and in conscious disregard of Plaintiff's constitutional rights.

74. This conduct has been directly caused and ratified by Westerville, Seneca, and/or Chandler.

75. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff was unlawfully deprived of her liberty, no longer feels safe within her own home, and has suffered serious emotional and mental distress.

### COUNT FOUR – VIOLATION OF CIVIL RIGHTS UNDER FOURTH AND FOURTEENTH AMENDMENTS (MALICIOUS PROSECUTION) 42 U.S.C. §1983

76. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 75 of this Complaint.

77. Defendant Rothell had no lawful authority or probable cause to initiate criminal proceedings against Plaintiff.

78. Regardless, Rothell elected to obtain a warrant for Plaintiff's arrest, and did so knowing that the allegations set forth in the affidavit were materially false.

79. Defendant Rothell engaged in this conduct maliciously and in conscious disregard of Plaintiff's constitutional rights.

80. This conduct has been directly caused and ratified by Westerville, Seneca, and/or Chandler.

81. As a direct result of Rothell's illegal and fraudulent conduct, Plaintiff suffered damages apart from her initial arrest. Specifically, she was unlawfully deprived of her liberty, no longer feels safe within her own home, and has suffered serious emotional and mental distress.

### COUNT FIVE – STATE LAW CLAIM FOR FALSE ARREST AND CONSPIRACY

82. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 81 of this Complaint.

83. In engaging in the foregoing acts, Defendants Dale Colegrove, Tanya Colegrove, Jeremy Rothell, and Jennifer Heller maliciously conspired to harm Plaintiff through the misuse and abuse of the Ohio and South Carolina criminal justice systems to effectuate her false arrest.

84. In engaging in the foregoing acts, Defendants Davis, Ahlhorn, Jackson, Staysiak, John Does 2 and 3, Rothell, Heller, Dale Colegrove, and Tanya Colegrove unlawfully arrested

and detained Plaintiff, or solicited, encouraged, conspired with, and/or aided and abetted another to engage in such conduct.

85. As a direct and proximate result of Defendants' conduct, Plaintiff has, in fact, suffered a deprivation of her liberty, serious mental and emotional harm, and incurred legal fees.

### COUNT SIX – STATE LAW CLAIM FOR ASSAULT AND BATTERY AND CONSPIRACY

86. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 85 of this Complaint.

87. In engaging in the foregoing acts, Defendants Dale Colegrove, Tanya Colegrove, Rothell, and Heller maliciously conspired to harm Plaintiff through the misuse and abuse of the Ohio and South Carolina criminal justice systems to effectuate a harmful and/or offensive touching of her person and to place Plaintiff in fear of such contact.

88. In engaging in the foregoing acts, Defendants Davis, Ahlhorn, Jackson, Staysiak, John Does 2 and 3, Rothell, Dale Colegrove, and Tanya Colegrove engaged in harmful or offensive contact with Plaintiff in the absence of any legal privilege, or solicited, encouraged, conspired with, and/or aided and abetted another to engage in such conduct.

89. In engaging in the foregoing acts, Defendants Davis, Ahlhorn, Jackson, Staysiak, John Does 2 and 3, Rothell, Dale Colegrove, and Tanya Colegrove threatened or attempted to touch Plaintiff offensively and did in fact place Plaintiff in fear of such contact, or solicited, encouraged, conspired with, and/or aided and abetted another to engage in such conduct.

90. As a direct and proximate result of Defendants' conduct, Plaintiff has, in fact, suffered a harmful and offensive touching, as well as serious mental and emotional harm.

### COUNT SEVEN – STATE LAW CLAIM FOR INTRUSION UPON SECLUSION

91. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 90 of this Complaint.

92. In engaging in the foregoing acts, Defendants Davis, Ahlhorn, Jackson, Staysiak, John Does 4 and 5, and Rothell intruded upon Plaintiff's solitude and seclusion in a manner which is highly offensive to a reasonable person.

93. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered serious mental and emotional harm.

### COUNT EIGHT – STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND CONSPIRACY

94. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 93 of this Complaint.

95. In engaging in the foregoing acts, Defendants Dale Colegrove, Tanya Colegrove, and Rothell maliciously conspired to knowingly and intentionally cause her serious mental and emotional anguish by engaging in extreme and outrageous conduct which is entirely intolerable in a civilized community.

96. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered serious mental and emotional harm.

### COUNT NINE – STATE LAW CLAIM FOR CIVIL CONSPIRACY

97. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 96 of this Complaint.

98. In engaging in the foregoing acts, Defendants Dale Colegrove, Tanya Colegrove, Jeremy Rothell, and Jennifer Heller maliciously conspired to harm Plaintiff through the misuse and abuse of the Ohio and South Carolina criminal justice systems to violate Plaintiff's

constitutional rights, effectuate her false arrest, an assault and battery of her person, and to cause an intentional infliction of emotional distress.

99. As a direct and proximate result of Defendants' conduct, Plaintiff has, in fact, suffered a deprivation of her liberty, a harmful and offensive touching of her person, serious mental and emotional harm, and incurred legal fees.

## PRAYER FOR RELIEF

**WHEREFORE,** in light of the foregoing, Plaintiff demands judgment in her favor against Defendants; that she be awarded those compensatory damages in an amount to be shown at trial; that she be awarded punitive damages in an amount to be shown at trial; that she be awarded costs and attorneys' fees for this action; and she be awarded any other legal and equitable relief that this Court deems proper.

Respectfully submitted,

/s/ Samuel H. Shamansky_____
SAMUEL H. SHAMANSKY CO., L.P.A.

Samuel H. Shamansky (0030772)
Donald L. Regensburger (0086958)
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939 – Phone
(614) 242-3999 – Fax
shamanskyco@gmail.com

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues so triable.

Respectfully submitted,

/s/ Samuel H. Shamansky_____
SAMUEL H. SHAMANSKY CO., L.P.A.

Samuel H. Shamansky (0030772)

        Donald L. Regensburger (0086958)
        523 South Third Street
        Columbus, Ohio 43215
        (614) 242-3939 – Phone
        (614) 242-3999 – Fax
        shamanskyco@gmail.com

        Counsel for Plaintiff