**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NATASHA L. PREECE, | : | Case No. 2:25-cv-00050 |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | |
| vs. | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| CITY OF WESTERVILLE, et al., | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS, CITY OF SENECA, MAJOR JEREMY ROTHELL, AND
JENNIFER HELLER TO PLAINTIFF'S AMENDED COMPLAINT**

For their Answer to Plaintiff's Amended Complaint, Defendants City of Seneca, Major

Jeremy Rothell, and Jennifer Heller (collectively "Seneca") state as set forth below:

**FIRST DEFENSE**

For their First Defense, Seneca responds to the numbered paragraphs of Plaintiff's

Amended Complaint, in like-numbered paragraphs, as follows:

1. Deny.

2. Paragraph 2 is a legal conclusion to which no response is required. To the extent

Paragraph 2 could be construed to assert facts, those facts are denied.

3. Paragraph 3 is a legal conclusion to which no response is required. To the extent

Paragraph 3 could be construed to assert facts, those facts are denied.

4. Deny.

5. Deny for want of knowledge.

6. Paragraph 6 is a legal conclusion to which no response is required. To the extent

Paragraph 6 could be construed to assert facts, those facts are denied. Further answering, deny that

1

the actions complained of took place in this judicial district and that most of the evidence is likewise maintained in this judicial district.

7.     Deny for want of knowledge.

8.     Admit.

9.     Deny for want of knowledge.

10.    Deny for want of knowledge.

11.    Deny for want of knowledge.

12.    Deny for want of knowledge.

13.    Deny for want of knowledge.

14.    Admit.

15.    Admit.

16.    Admit.

17.    Deny for want of knowledge.

18.    Admit.

19.    Admit.

20.    Paragraph 20 is a legal conclusion to which no response is required. To the extent Paragraph 20 could be construed to assert facts, those facts are denied.

21.    Deny.

22.    Deny for want of knowledge.

23.    Deny for want of knowledge.

24.    Deny for want of knowledge.

25.    Deny for want of knowledge.

26.    Deny for want of knowledge.

27.     Deny for want of knowledge.

28.     Deny for want of knowledge.

29.     Deny for want of knowledge.

30.     Deny for want of knowledge.

31.     Deny.

32.     Deny.

33.     Admit.

34.     The South Carolina Arrest Warrant speaks for itself. To the extent that Paragraph 34 asserts facts not consistent with the Warrant, those facts are denied. The remaining allegations of Paragraph 34 are legal conclusions to which no response is required.

35.     Paragraph 35 is a legal conclusion to which no response is required. To the extent Paragraph 35 could be construed to assert facts, those facts are denied.

36.     Deny.

37.     Deny.

38.     Admit.

39.     Admit.

40.     Deny.

41.     Deny.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Deny for want of knowledge.

47. Deny.

48. Deny.

49. The recognizance bond speaks for itself. To the extent that Paragraph 49 asserts facts inconsistent with it, those facts are denied.

50. Deny for want of knowledge.

51. Deny for want of knowledge.

52. Deny.

53. Deny.

54. Defendants reincorporate Paragraphs 1 through 53, above, as if fully rewritten herein.

55. Paragraph 55 is a legal conclusion to which no response is required. To the extent Paragraph 55 could be construed to assert facts, those facts are denied.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Defendants reincorporate Paragraphs 1 through 60, above, as if fully rewritten herein.

62. Paragraph 62 is a legal conclusion to which no response is required. To the extent Paragraph 62 could be construed to assert facts, those facts are denied.

63. Paragraph 63 is a legal conclusion to which no response is required. To the extent Paragraph 63 could be construed to assert facts, those facts are denied.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Defendants reincorporate Paragraphs 1 through 69, above, as if fully rewritten herein.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Defendants reincorporate Paragraphs 1 through 75, above, as if fully rewritten herein.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Defendants reincorporate Paragraphs 1 through 81, above, as if fully rewritten herein.

83. Deny.

5

84. Deny.

85. Deny.

86. Defendants reincorporate Paragraphs 1 through 85, above, as if fully rewritten herein.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Defendants reincorporate Paragraphs 1 through 90, above, as if fully rewritten herein.

92. Deny.

93. Deny.

94. Defendants reincorporate Paragraphs 1 through 93, above, as if fully rewritten herein.

95. Deny.

96. Deny.

97. Defendants reincorporate Paragraphs 1 through 96, above, as if fully rewritten herein.

98. Deny.

99. Deny.

## SECOND DEFENSE

100. Seneca denies all allegations not specifically admitted in this Answer.

## THIRD DEFENSE

101.    Plaintiff cannot aggregate statutory damages for public records requests.

## FOURTH DEFENSE

102.    Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

103.    Plaintiff's Amended Complaint is barred under R.C. §149.011.

## SIXTH DEFENSE

104.    Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrines of waiver, accord and satisfaction, estoppel, laches, set-off, and/or settlement.

## SEVENTH DEFENSE

105.    Plaintiff failed to join necessary and/or additional parties to this case as required by Civ.R. 19, Civ.R. 19.1, and/or R.C. 2721.12.

## EIGHTH DEFENSE

106.    This Court lacks personal, subject matter, and/or original jurisdiction over Plaintiff's Amended Complaint.

## NINTH DEFENSE

107.    Venue is improper.

## TENTH DEFENSE

108.    This action, in whole or in part, is not ripe for adjudication.

## ELEVENTH DEFENSE

109.    Plaintiff has plain and adequate remedies in the ordinary course of the law that are complete, beneficial, and speedy.

## TWLFTH DEFENSE

110.    Plaintiff has no legal right to the relief requested in the Amended Complaint.

## THIRTEENTH DEFENSE

111.    Seneca's acts were at all relevant times conducted in good faith and/or supported with valid and legal excuses.

## FOURTEENTH DEFENSE

112.    The damages Plaintiff sustained, if any, were the direct and proximate result of the liability of other persons and/or parties and/or entities, other than Seneca and, as a result, any right of recovery must be diminished in whole or in part.

## FIFTEENTH DEFENSE

113.    Plaintiff is not entitled to attorneys' fees.

## SIXTEENTH DEFENSE

114.    Seneca's conduct furthered legitimate and substantial interests at all times.

## EIGHTEENTH DEFENSE

115.    Plaintiff cannot identify their alleged damages with certainty.

## NINETEENTH DEFENSE

116.    What Plaintiff seeks is not a public record.

## TWENTIETH DEFENSE

117.    Seneca reserves the right to add additional Affirmative Defenses.

## THIRTEENTH DEFENSE

118.    Plaintiff's Amended Complaint failed to properly serve Seneca Defendants and therefore lacks personal jurisdiction of these Defendants.

8

## THIRTEENTH DEFENSE

119.    The Amended Complaint barred by the *Younger* Abstention Doctrine because it seeks to have a federal court interfere with ongoing a state court criminal proceeding.

**WHEREFORE,** Seneca prays the Amended Complaint be dismissed with prejudice, that Plaintiff be ordered to pay all costs and reasonable attorney fees in defending this matter, and for all further relief as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Thomas N. Spyker (0098075)
**REMINGER CO., LPA**
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
Tel: 614-228-1311 | Fax: 614-232-2410
pkasson@reminger.com
tspyker@reminger.com

*Counsel for Defendants City of Seneca, Major Rothell, and Jennifer Heller*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon all counsel of record via the Court's electronic e-filing system this 14th day of May 2025.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Thomas N. Spyker (0098075)

9