## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NATASHA L. PREECE, | : | Case No. 2:25-cv-00050 |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | |
| vs. | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| CITY OF WESTERVILLE, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CITY OF SENECA, MAJOR JEREMY ROTHELL, AND JENNIFER HELLER'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants City of Seneca, Major Jeremy Rothell, and Jennifer Heller (collectively "Defendants") move this Court under Rule 12(c) of the Federal Rules of Civil Procedure for an Order granting judgment on the pleadings and dismissing Plaintiff Natasha Preece's claims. Plaintiff has brought multiple 42 U.S.C. § 1983 and state law claims. However, Plaintiff has an ongoing state criminal proceeding which this Court cannot enjoin based on *Younger* abstention. The grounds for this Motion are fully set forth in the attached Memorandum in Support.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Thomas N. Spyker (0098075)
**REMINGER CO., LPA**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: 614-228-1311 | Fax: 614-232-2410
pkasson@reminger.com
tspyker@reminger.com

*Counsel for Defendants City of Seneca, Major Rothell, and Jennifer Heller*

1

<u>**MEMORANDUM IN SUPPORT**</u>

Plaintiff Natasha L. Preece brings this action—a lawsuit in Ohio—against North Carolina law enforcement officers, asking this Court to intervene and effectively stop an active criminal investigation *occurring in South Carolina*. To be clear, the warrant complained of in Plaintiff's Complaint is (1) active right now; and (2) issued by a duly empowered judicial officer in *South Carolina*. Ms. Preece asks this Court for unprecedented relief that runs far afoul of *Younger*. This Court must abstain from interfering in these ongoing, out-of-state proceedings.

Looking a step further, the claims are utterly unactionable. First, Plaintiff asserts unreasonable seizure and excess force claims, seemingly against all Defendants. Her Complaint is equally clear that her arrest occurred in Ohio and was not effectuated by the named South Carolina law enforcement officers. Plainly, because § 1983 requires individual, live participation in any deprivation, these claims must fail against the South Carolina Defendants. Second, a malicious prosecution claim based on an unadjudicated warrant fails instantly. There has been no resolution of the criminal prosecution in Ms. Preece's favor. Quite the opposite, we are at the beginning of that process as she is still an actively wanted suspect.

## I. STATEMENT OF FACTS

### a. Plaintiff's adult son moves to South Carolina.

In 2023, Plaintiff Natasha Preece's oldest son, J.P., moved to South Carolina from Ohio. (Am. Compl. at ¶ 27, Doc. No. 3, PageID 25). J.P., who was 18 years old, decided to live with Plaintiff's uncle and his wife, Dale and Tanya Colegrove. (*Id.*). Plaintiff alleges that Dale Colegrove molested her during her childhood. (*Id.* at ¶ 22, PageID 23). And Plaintiff claims that she "attempted to limit her children's contact with Dale and Tanya Colegove." (*Id.* at ¶ 25, PageID 24). Shortly after her son had moved to South Carolina, Plaintiff contacted law enforcement in

West Virginia to report sexual abuse from her childhood. (*Id.* at ¶ 29, PageID 24). She also contacted the Westerville Police Department to report her concern about her son's departure. (*Id.*).

### b. Plaintiff begins harassing the relatives her son is staying with in South Carolina and a warrant is issued for her arrest.

Plaintiff began a pattern of harassment after her son moved to South Carolina. Plaintiff called for a wellness check with Seneca Police, contacted the school where Dale Colegrove's children attend, and asked for a wellness check in Pigeon Forge when she believed her son was there. (*Id.* at ¶ 32-34, PageID 24-25). After a continued pattern of harassment, Major Rothell reasonably concluded that Plaintiff's harassment was not going to stop. As a result, Major Rothell prepared an affidavit regarding the harassment. (*Id.* at ¶ 34, PageID 25). A judge reviewed the facts and the affidavit and independently determined there was probable cause for criminal harassment. (Ex. A: South Carolina Arrest Warrant).[1] On January 3, 2024, a judge issued a warrant for Plaintiff's arrest in South Carolina for harassment in the second degree in violation of S.C. Code 16-3-1700(B). (Ex. A).

### c. The Westerville Police Department arrests Plaintiff in Ohio.

Seneca Police Department sought extradition, and Westerville Police effectuated Plaintiff's arrest on January 21, 2024. (*See* Am. Compl. at ¶ 43, PageID 26-27). Plaintiff was released on a recognizance bond on January 23, 2024. (*See id.* at ¶ 49, PageID 27). At an evidentiary hearing in

---

[1] "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993). Plaintiff referenced the arrest warrant in her complaint. (Am. Compl. at ¶ 34, Doc. No. 3, PageID 25). This document is central to Plaintiff's claims that Defendants unlawfully arrested her. (*See, e.g., id*. at ¶ 64-65, Doc. No. 3, PageID 29). Accordingly, attaching the arrest warrant as an exhibit to this Motion is proper.

February 2024, a Franklin County Common Pleas Judge set aside a previously issued capias. (*See id.* at ¶ 50, PageID 27). There is still an active warrant for Plaintiff's arrest. (Ex. A).

### d. Plaintiff files this lawsuit with her active warrant still unresolved.

On January 21, 2025, Plaintiff filed an Amended Complaint in the Southern District of Ohio bringing causes of action against the City of Seneca, Major Rothell, and Jennifer Heller for (1) First Amendment violation of civil rights under § 1983; (2) unreasonable search and seizure and excessive force under § 1983; (3) false arrest under § 1983; (4) malicious prosecution under § 1983; (5) false arrest and conspiracy under state law; (6) assault and battery and conspiracy under state law; (7) intrusion upon seclusion; (8); IIED; and (9) civil conspiracy.

## II.  LAW AND ARGUMENT[2]

### A. Under *Younger v. Harris*, this Court should abstain from enjoining Plaintiff's state court criminal proceedings.

Because Plaintiff's South Carolina criminal proceedings satisfy all three elements of the *Younger* test, abstention is proper. Plaintiff cannot avoid her state court proceedings, which were initiated before the instant case, just because she filed a federal lawsuit. Plaintiff must resolve the underlying state case first. Because state court criminal proceedings are ongoing, because criminal cases inherently implicate "important state rights," and because the state criminal proceedings will provide an "adequate opportunity . . . to raise constitutional challenges," *Younger* applies, and this Court should abstain from enjoining South Carolina's criminal proceedings.

For over one hundred years, the Supreme Court repeatedly recognized that, absent extraordinary circumstances, a federal court should not restrain the institution of pending state criminal proceedings. *See Fenner v. Boykin*, 271 U.S. 240, 243 (1926) ("*Ex parte Young*, 209 U.S.

---

[2] The motion for judgment on the pleadings standard is well-established and has been omitted, consistent with Judge Watson's standing orders.

123 [(1908)] and following cases have established the doctrine that when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done except under extraordinary circumstances, where the danger of irreparable loss *is both great and immediate*."). Abstention is based on "notions of equity and comity, 'and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate function in their separate ways.'" *Franklin v. Medina Twp. Police*, No. 1:24-cv-794, 2024 U.S. Dist. LEXIS 123470, at \*5 (N.D. Ohio July 15, 2024), citing *Younger v. Harris*, 401 U.S. 27, 44.

To invoke *Younger* abstention: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges. *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). Because these three criteria apply, this Court must abstain from enjoining the state court criminal proceedings.

### a. There are "on-going state judicial proceedings" because Plaintiff is currently facing state criminal proceedings.

*First*, for *Younger* to apply, there must be an ongoing state proceeding. *Id.* The initial condition requires that "the state court proceeding was pending at the time the federal complaint was filed." *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003). Here, there is an ongoing state proceeding related to Plaintiff's South Carolina criminal case.

Plaintiff was charged with harassment under SC § 16-3-1700 and has an active warrant for her arrest in South Carolina, thereby satisfying the first condition. *See Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990) (noting that "federal review of state court procedures in a criminal case before the state court has had the opportunity to decide them finally" is improper and federal courts should abstain until "the appropriate exhaustion of state remedies."). The South Carolina warrant

was signed 12/14/2023. (Ex. A). Plaintiff was arrested by Westerville Police on January 21, 2024. (*See* Am. Compl. at ¶ 43, Doc. No. 3, PageID 26-27). But Plaintiff has not appeared to resolve her South Carolina warrant. (*See id*. at ¶ 48-50, PageID 27). Instead, she brought the instant case on January 21, 2025—two years after her arrest.

Because Plaintiff failed to resolve the South Carolina warrant and corresponding criminal proceedings prior to bringing this case, "state court proceedings [were] pending at the time the federal complaint was filed." *Loch*, 337 F.3d, at 578. And, even if Plaintiff had appeared in South Carolina to resolve her warrant, she is required to exhaust her state appellate remedies before bringing the instant suit. *Id*. Plaintiff cannot circumvent the *Younger* requirements by ignoring state criminal proceedings for two years. South Carolina initiated proceedings first, and that state action is ongoing. *See id*.

**b. Criminal proceedings inherently invoke "important state interests."**

*Second*, the state judicial proceeding must implicate important state interests. *Squire*, 469 F.3d at 555. The South Carolina criminal proceedings implicate such interests inherently because they are criminal. "State criminal proceedings involve important state interests." *Frost v. Nessel*, No. 24-1132, 2025 U.S. App. LEXIS 9312, at *17 (6th Cir. 2025) (citing *Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004)). "[S]tate criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere." *Leveye v. Metro. Pub. Defender's Office,* 73 F. App'x 792, 794 (6th Cir. 2003). Accordingly, state criminal actions *always* satisfy this component of *Younger* abstention. *See id*.

Here, the State of South Carolina has an important interest in "enforcement" of and "compliance" with its criminal laws. *See Loch*, 337 F.3d, at 579. Because the underlying state action is a *criminal* proceeding, the second *Younger* criterion is "easily satisfied." *Frost*, 2025 U.S.

App. LEXIS 9312, at *17. This Court need not look any further. Accordingly, this Court should abstain from interfering with Plaintiff's South Carolina criminal proceedings so that they may guide the "important state interests" in a way consistent with their preferred policy choices and self-governance. *See Leveye,* 73 F. App'x, at 794.

### c. State criminal proceedings provide an "adequate opportunity in the state proceedings to raise constitutional challenges."

*Finally*, there must be an adequate opportunity in the state proceedings to raise constitutional challenges. *Squire*, 469 F.3d at 555. The South Carolina criminal proceedings qualify because of the numerous opportunities to raise constitutional objections in criminal matters. Abstention is appropriate "unless state law clearly bars the interposition of the constitutional claims." *Fieger v. Thomas*, 73 F.3d 740, 745 (6th Cir. 1996). Even if the state partially bars the constitutional claims, this isn't enough to defeat abstention because the barrier must be "clear." *See id*. Plaintiff bears the burden to show that the state law barred presentation of her constitutional claims. *Id.*

State criminal proceedings provide numerous opportunities for constitutional challenges, satisfying the third prong under *Younger*. *See Cooper v. Parrish*, 203 F.3d 937, 955 (6th Cir. 2000); *Summers v. Leis*, 368 F.3d 881, 892 (6th Cir. 2004). Plaintiff will be able to raise her constitutional arguments at "any" juncture in the criminal proceedings. *Cooper*, 203 F.3d, at 955. And, because this is Plaintiff's burden, she must bring her constitutional claims before the state proceeding in order to demonstrate South Carolina will not "adequately" consider them. *See Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 335 (6th Cir. 2007). But the numerous opportunities to raise constitutional arguments at the state trial and appellate levels alleviate any concerns Plaintiff's constitutional arguments will go unheard. *See Cooper*, 203 F.3d, at 955.

If Plaintiff is entitled to constitutional relief, this Court's abstention will not provide any

barriers to it. The state court will address her constitutional concerns adequately, and Plaintiff cannot be allowed to "bypass state court review of his claims in favor of federal intervention." *Frost*, No. 24-1132, 2025 U.S. App. LEXIS 9312, at *18.

**B.  No Exceptions to *Younger* Apply.**

The three *Younger* criteria are all satisfied. Although there are exceptions to *Younger*, they only apply in extraordinary cases. Because Plaintiff's case is not extraordinary, but a simple attempt to seek federal intervention to avoid a state criminal proceeding, Plaintiff is not entitled to a *Younger* exception and this Court should abstain.

For an exception to apply, Plaintiff must show "bad faith, harassment, or flagrant unconstitutionality." *Mitchum v. Foster*, 407 U.S. 225, 230-31 (1972) (quoting *Younger*, 401 U.S. at 46). Federal courts should not enjoin pending state criminal proceedings unless "the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45. And, before filing a § 1983 action, Plaintiff must first assert her constitutional challenges in the criminal proceeding. *See Younger v. Harris*, 401 U.S. at 45; *Dombrowski v, Pfister*, 380 U.S. 479, 481 (1965). Plaintiff has not satisfied any of these conditions.

**a.  Plaintiff's state case is not an "extraordinary circumstance" and there is no risk of "great and immediate harm."**

Under *Younger*, the plaintiff must demonstrate extraordinary circumstances where the irreparable loss is both great and immediate to be eligible for an exception. *Younger*, 401 U.S. at 46. But Plaintiff cannot. The only injuries she will suffer are incident to a standard state court criminal proceeding, which does not qualify for an exception.

For Plaintiff to establish great harm, she must demonstrate that "a substantial loss or impairment of freedoms of expression will occur if [she] must await the state court's disposition." *Dombrowski v. Pfister*, 380 U.S. at 486. For the injury to be "great," Plaintiff must have suffered

an "injury other than that incidental to every criminal proceeding brought lawfully and in good faith." *Id.* At 485. The irreparable loss must be immediate, meaning that Plaintiff must be facing irreparable loss that is "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Such a situation is "very unusual." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626, 106 S. Ct. 2718, 2722 (1986).

Plaintiff's case is not extraordinary. It falls along the same lines as the average criminal case. *See, e.g., Zalman*, 802 F.2d at 200 (Plaintiff could not seek constitutional review of the state statute they were charged under because criminal proceedings were still pending and satisfied *Younger*). Although defending against the state proceeding may impose costs, anxiety, or inconvenience, nothing in Plaintiff's claims even hints that she would face "irreparable" harm if the state action continues. *See Younger*, 401 U.S. at 46. If individuals like Plaintiff could enjoin state criminal proceedings every time an average case is brought, it would usurp the State's ability to effectively administer justice. *See, e.g., Frost*, 2025 U.S. App. LEXIS 9312, at \*11, 17 (abstention was proper so the state court could continue to pursue conspiracy charges).

Plaintiff is effectively asking this Court to do South Carolina's job, with the added benefit that the instant case is civil and therefore allows her to avoid potential penal consequences. *See Trainor v. Hernandez*, 431 U.S. 434, 446, 97 S. Ct. 1911, 1919 (1977) (noting the "eviscerating impact" if federal courts do not abstain from state proceedings). Any grievances Plaintiff may have must first be addressed in state court, as occurs in every "usual" criminal case. *See Ohio Civil Rights Comm'n*, 477 U.S. at 626; *Gravedoni v. City of Negaunee*, 745 F.2d 56 (6th Cir. 1984) (abstaining because of an underlying state municipal ordinance violation). Because Plaintiff cannot show "great and immediate harm," she is not eligible for an abstention exception.

**b. Plaintiff cannot show that the state instituted proceedings in bad faith.**

Because Plaintiff was not subjected to duplicative state criminal proceedings, and because the South Carolina criminal proceedings are expected to result in a conviction, Plaintiff cannot meet the high bar to show a "bad faith" *Younger* exception.

For the bad faith exception to *Younger* abstention to apply, Plaintiff must show that "the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611. In this context, bad faith requires a showing that "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S.117, 126 n.6 (1975). The U.S. Supreme Court has only found "bad faith" in one instance: initiating repeated prosecutions of an individual with no intention of achieving a conviction. *Lighthouse Cmty. Church of God v. City of Southfield*, 382 F. Supp. 2d 937, 941 (E.D. Mich. 2005) (citing *Ken-N.K., Inc. v. Vernon Twp.,* 18 Fed. Appx. 319, 324-25 at n.2 (6th Cir. 2001)).

Plaintiff cannot establish bad faith because these facts do not resemble the described "bad faith" scenario. Plaintiff does not allege that proceedings have been brought against her multiple times for harassment purposes. *See id*; (*see generally* Am. Compl., Doc. No. 3). Further, Defendants expect the state court proceedings to reasonably result in a conviction given the evidence of Plaintiff's numerous harassing telephonic and email communications. (Ex. A). Plaintiff's South Carolina arrest warrant was supported with probable cause because she "did . . . electronically communicate to various individuals and businesses, repeatedly, false claims against Dale Colegrove in an attempt to cause harm and disrupt his private life." (Ex. A).

Such actions are punishable under South Carolina's penal code, demonstrating that these charges were brought in a good-faith attempt to protect the community and seek a conviction. *See* S.C. Code 16-3-1700(B); *Cox v. Centerra Grp. LLC*, Civil Action No. 1:15-cv-04608-JMC, 2018

U.S. Dist. LEXIS 138592, at *18 (D.S.C. Aug. 16, 2018) (repeated harassing emails *to a single individual* was enough to support a conviction under a similar state statute).

But this Court need not consider the state court evidence to conclude the "bad faith" exception does not apply. The U.S. Supreme Court has identified only one situation where the "bad faith" exception applies: repeated harassing prosecutions. *Southfield*, 382 F. Supp. 2d at 941 (citing *Ken-N.K., Inc. v. Vernon Twp.,* 18 Fed. Appx. 319, 324-25 at n.2 (6th Cir. 2001)). Because Plaintiff did not plead a history of repeated prosecutions with no intention to convict or otherwise establish bad faith for abstention purposes, she cannot qualify for this exception. (*See generally* Am. Compl., Doc. No. 3). The "bad faith" exception is narrow and does not apply to a typical state prosecution such as this. Therefore, *Younger* abstention is still the proper remedy.

### c. Plaintiff fails to show that the state law is flagrantly unconstitutional on its face.

Finally, Plaintiff cannot show that S.C. Code 16-3-1700(B), the state statute she was charged under, violates the Constitution "in every clause, sentence, and paragraph." This is unsurprising because the U.S. Supreme Court has *never* found the "flagrantly unconstitutional" exception to apply. Accordingly, Plaintiff is not exempt from abstention, and this Court should allow the state criminal proceedings to proceed.

"A statute might be flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger v. Harris*, 401 U.S. at 53-54. Essentially, every possible application of every possible portion of the underlying statute must be unconstitutional for it to be "flagrant." *See id*. This is the narrowest *Younger* exception. *See id*. The U.S. Supreme Court has *never* found it applicable, and four justices have expressed a belief that the exception is dead.

*Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (citing *Trainor v. Hernandez*, 431 U.S. 434, 52 L. Ed. 2d 486, 97 S. Ct. 1911 (1977)).

Plaintiff has not, and cannot, identify an applicable state statute that is unconstitutional at "every clause, sentence, and paragraph" and against anyone to whom it could apply. *Younger*, 401 U.S. at 53-54. Plaintiff is charged with harassment under S.C. Code 16-3-1700(B). (Ex. A). And this statute has never struggled against constitutional challenges. *See, e.g., Cox v. Centerra Grp., LLC*, No. 1:15-4608-JMC-SVH, 2017 U.S. Dist. LEXIS 221601, at *7 (D.S.C. Dec. 1, 2017) (surviving a Fourth Amendment challenge); *State v. Prince*, 335 S.C. 466, 472, 517 S.E.2d 229, 232 (Ct. App. 1999) (discussing the application of the statute without mentioning any potential constitutionality issues); *State v. Brandenburg*, 419 S.C. 346, 356, 797 S.E.2d 416, 421 (Ct. App. 2017) (discussing the application of the statute without mentioning any potential constitutionality issues). Even if Plaintiff *could* establish that a statute underlying her state case is unconstitutional, she cannot show it is "flagrantly" unconstitutional. Accordingly, there is nowhere Plaintiff can look for a valid and applicable exception to *Younger*.

**C. Even if this Court finds abstention inappropriate; Plaintiff's claims fail on threshold legal issues.**

**a. Plaintiff's Fourth Amendment seizure and force claims fail against these Defendants.**

Plaintiff's Complaint alleges unreasonable arrest and excessive use of force claims related to her arrest in Westerville, Ohio, by the Westerville Police Department. (Am. Compl. at ¶ 27, Doc. No. 3, PageID 29). However, § 1983 case law is clear. Each and every alleged constitutional violation has to be traceable to the conduct of each individually named state actor. *Pineda v. Hamilton Cty.*, 977 F.3d 483, 491 (6th Cir. 2020) ("Section 1983 imposes liability only on a defendant who was personally involved in the unconstitutional action that caused the plaintiff's injury."). When one agency issues an arrest warrant, and another agency, or officers,

12

execute that warrant, only the officers effectuating the arrest participate in the arrest such that they can be liable under § 1983. *Id.* at 492 (no liability because plaintiff could not identify which officer struck him); *Smoak v. Hall*, 460 F.3d 768, 784 (6th Cir. 2006) (officer must be present for arrest). As such, and since these Defendants did not participate in the arrest of Plaintiff, they cannot be held liable on the seizure and force claims. *Smoak*, 460 F.3d at 784 .

Further, to the extent that this Court finds cognizable liability, it would be a novel finding and these Defendants would be entitled to qualified immunity. Simply put, any right allegedly violated here was in no way clearly established at the time of the conduct. *See Smoak*, 460 F.3d at 784; *Pineda*, 977 F.3d at 492.

### b. The malicious prosecution claim fails because the prosecution has not concluded in Plaintiff's favor.

Next, Plaintiff brings a malicious prosecution claim. However, for a malicious prosecution claim to be viable, a pleading plaintiff must show that the underlying criminal proceedings resolved in their favor. *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010); *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 600 (6th Cir. 2007).

Here, there is no resolution in Ms. Preece's favor; this is an ongoing criminal matter. She cannot bring this claim. *Powers*, 501 F.3d at 600.

Even taking all the allegations in her complaint as true on their face, *Younger* requires this Court to abstain from Plaintiff's case until the pre-existing state criminal proceedings have been fully resolved. Plaintiff cannot be allowed to dodge her state criminal proceedings by initiating separate proceedings in federal court. *See, e.g., Frost*, 2025 U.S. App. LEXIS 9312, at *11, 17. To hold otherwise would allow the average criminal defendant to stall state proceedings using the same process Plaintiff employs. *See id*. Defendants request that the Court dismiss Plaintiff's claims against them and issue an Order granting judgment on the pleadings in their favor.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Thomas N. Spyker (0098075)
**REMINGER CO., LPA**
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
Tel: 614-228-1311 | Fax: 614-232-2410
pkasson@reminger.com
tspyker@reminger.com

*Counsel for Defendants City of Seneca, Major Rothell, and Jennifer Heller*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon all counsel of record via the Court's electronic e-filing system this 24th day of July 2025.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)